DocuSign Envelope ID: ECD7A8C6-B7FB-477A-8D30-F5C8670FB466

ADAM L. PARRY, SBN 259937
aparry@stokeswagner.com
JESSICA L. VILLAESCUSA SBN 343894
jvillaescusa@stokeswagner.com
STOKES WAGNER ALC
401 W. A Street, Suite 2235
San Diego, CA 92101
Telephone: (619) 232-4261

Attorneys for Defendant PEARCE SERVICES, LLC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN RODRIGUEZ DE JESUS, an individual <br><br> Plaintiff, <br><br> v. <br><br> PEARCE SERVICES, LLC, a Delaware Limited Liability Company, and DOES 1 through 20, inclusive <br><br> Defendant. | Case No. 1:24-at-00327 <br><br> **DECLARATION OF JEANNINE PARKES IN SUPPORT OF PEARCE SERVICES, LLC'S NOTICE OF REMOVAL PURSUANT TO 27 U.S.C. § § 1441** <br><br> Complaint Filed: March 14, 2024 <br> Trial Date: Not Assigned |

Stokes Wagner ALC
401 W. A Street, Ste. 2235
San Diego, CA 92101
(619) 232-4261

**DECLARATION OF JEANNINE PARKES**

DocuSign Envelope ID: ECD7A8C6-B7FB-477A-8D30-F5C8670FB466

## DECLARATION OF JEANNINE PARKES

I, Jeannine Parkes, declare and state:

1. I am the Vice President, Human Resources for Defendants Pearce Services, LLC ("Pearce"). This declaration is submitted in support of Defendant's Notice of Removal.

2. All information set forth herein is based on my personal and first-hand knowledge, as well as my review of business records of Pearce Services, LLC, which are maintained in the regular course of business, and if called upon and sworn as a witness, I could and would competently testify thereto, if called upon to do so.

3. Pearce was served with the summons and complaint on March 19, 2024. Attached hereto as **Exhibit A** are true and correct copies of all process, pleadings, and orders served upon Pearce, including the summons and complaint.

4. As Vice-President, Human Resources at Pearce, I am responsible for overseeing Pearce's Human Resources functions, including recordkeeping and maintenance of employee personnel records, for all Pearce employees. I have reviewed Christian Rodriguez De Jesus' ("Plaintiff") employment records, which were and are kept in the normal course of business, and stored electronically in Pearce's human resources recordkeeping system.

5. Pearce Services, LLC is a Delaware corporation with its headquarters and principal place of business located in Paso Robles, California.

6. Plaintiff was employed by Pearce as a Solar Technician, Level II from approximately June 9, 2022 until October 9, 2023. According to information provided by Plaintiff and stated in his personnel records, at the time of hire, and throughout his employment with Pearce, Plaintiff resided in Tampa, Florida. Plaintiff's wage statements show his home address in Tampa, Florida.

7. At the time of Plaintiff's termination, his pay rate was $25.25 an hour. Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff's final wage statement for his employment with Pearce, dated October 13, 2023.

/ / /

2
**DECLARATION OF JEANNINE PARKES**

DocuSign Envelope ID: ECD7A8C6-B7FB-477A-8D30-F5C8670FB466

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on _4/18/2024 | 1:16 PM EDT_, in Amsterdam, New York.

Dated: April 15, 2024

DocuSigned by:

_Jeannine Parkes_

4B302AF64D53423

Jeannine Parkes

3

**DECLARATION OF JEANNINE PARKES**

# Exhibit A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Edgar Manukyan, Esq. (SBN 314606)
MANUKYAN LAW FIRM, APC.
505 N. Brand Blvd., Suite 810 Glendale, CA 91203
TELEPHONE NO.: 818.559.4444    FAX NO.: 888.746.4420
EMAIL ADDRESS: edgar@manukyanlawfirm.com
ATTORNEY FOR (Name): Plaintiff, Christian Rodriguez De Jesus

**FOR COURT USE ONLY**

ELECTRONICALLY FILED
3/14/2024 11:20 AM
Kern County Superior Court
By Julia Barrera, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**
STREET ADDRESS: 1215 Truxtun Avenue   Truxtun      JB
MAILING ADDRESS: Same As Above
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division Justice Building

**CASE NAME:**
Christian Rodriguez De Jesus v. Pearce Services, LLC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  (Amount demanded exceeds $35,000) | [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder | BCV-24-100904 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 14, 2024

Edgar Manukyan, Esq.
_____
(TYPE OR PRINT NAME)

▶ *C. Manukyan*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>PEARCE SERVICES, LLC., a Delaware Limited Liability Company, and DOES 1 through 20, Inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>CHRISTIAN RODRIGUEZ DE JESUS, an individual, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ELECTRONICALLY FILED<br><br>3/19/2024<br><br>Kern County Superior Court<br>By Julia Barrera, Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Kern County Superior Court<br>1215 Truxton Avenue   Truxtun     JB<br>Bakersfield, CA 93301 | CASE NUMBER: *(Número del Caso):*<br><br>**BCV-24-100904** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Edgar Manukyan, Esq.; Manukyan Law Firm, APC.; 505 N. Brand Blvd. Suite 810, Glendale, CA 91203; (818) 559-4444

| DATE:<br>*(Fecha)* | 3/19/2024 | TARA LEAL | Clerk, by<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: PEARCE SERVICES, LLC., a Delaware Limited Liability Company

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☑ other *(specify)*: Corp. Code 17701.16, limited liability company
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

ELECTRONICALLY FILED
3/14/2024 11:20 AM
Kern County Superior Court
By Julia Barrera, Deputy

Edgar Manukyan, Esq. (SBN 314606)
**MANUKYAN LAW FIRM, APC.**
505 N. Brand Blvd., Suite 810
Glendale, CA 91203
Tel.:   818.559.4444
Fax:   888.746.4420
Email: edgar@manukyanlawfirm.com

Attorneys for Plaintiff,
CHRISTIAN RODRIGUEZ DE JESUS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KERN

| | |
|---|---|
| CHRISTIAN RODRIGUEZ DE JESUS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>PEARCE SERVICES, LLC., a Delaware Limited Liability Company, and DOES 1 through 20, Inclusive<br><br>Defendants. | CASE NO.:   BCV-24-100904<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **RACE DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**<br>2. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**<br>3. **FAILURE TO PREVENT HOSTILE WORK ENVIRONMENT HARASSMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**<br>4. **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**<br>5. **HOSTILE WORK ENVIRONMENT HARASSMENT BASED ON RACE, ANCESTRY, NATIONAL ORIGIN, OR ETHNICITY**<br>6. **VIOLATION OF WHISTLEBLOWER** |

COMPLAINT FOR DAMAGES

PROTECTION PURSUANT TO LABOR CODE § 1102.5.
7. **RETALIATION AND DISCRIMINATION IN VIOLATION OF LABOR CODE § 6310, 6311**
8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**DEMAND OVER $25,000**

**DEMAND FOR JURY TRIAL**

CHRISTIAN RODRIGUEZ DE JESUS ("Plaintiff") is informed and believes, and alleges thereon, the following:

## PARTIES, VENUE, AND JURISDICTION

1. Plaintiff, at all times relevant to this action, resided in the Tampa, Florida.

2. Plaintiff is informed and believes, and thereon alleges that Defendant PEARCE SERVICES, LLC. ("Defendant") is a California Limited Liability Company with its principal place of business in Kern County, California.

3. Plaintiff is informed and believes, and thereon alleges, Defendant provides a wide range of telecommunications and renewable energy services.

4. The unlawful acts pleaded herein occurred in Kern County, California.

//

2
COMPLAINT FOR DAMAGES

5. Venue is proper in Kern County pursuant to California Government Code § 12965.

6. Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

7. At all times relevant to this action, each of the fictitiously named defendants was an employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendant, and was acting within the course and scope of such agency or employment.

8. Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such defendants directly and proximately caused Plaintiff's injuries as herein alleged.

9. Pursuant to CAL. GOV'T CODE §§12960, et seq., Plaintiff filed a charge against Defendant with the California Department of Fair Employment and Housing ("DFEH") on March 14, 2024, less than one year from the date of most recent actionable offense. On March 14, 2024, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

11. Plaintiff began working for Defendants in or about October 2022, as a traveling solar technician II. Plaintiff's duties included troubleshooting, repairing, assembling, and assessing solar systems in asigned work sites. Plaintiff earned $25.25 per hour and worked approximately forty (40) hours per week.

12. On or about April 2023, Plaintiff traveled to a worksite in Bakersfield, California to conduct his regular job duties. Shortly after Plaintiff arrived, Defendant's Caucasian employees and lead began to use derogatory slurs to address Plaintiff and other employees, both who were African Americans. Defendant's employees often addressed Plaintiff and other African American employees by calling them a "nigger". These derogatory remarks were a common occurrence in Defendant's worksite amongst its Caucasian employees. Plaintiff

COMPLAINT FOR DAMAGES

expressed his concerns with regional manager, Giovanni Rosales ("Mr. Rosales"), and shared with him how difficult it had been to work in the worksite due to the racial slurs Plaintiff had been subjected too. Despite Plaintiff's best efforts to voice his concerns, Defendant's Caucasian employees continued their behavior and Plaintiff's complaint was swept under the rug. On or about April 21, 2023, shortly after Plaintiff raised his concerns regarding the derogatory remarks he had been subjected too, Plaintiff was given a counseling record by Mr. Rosales for poor performance. On or about May 3, 2023, Plaintiff was given a second counseling record by Mr. Rosales. Shortly thereafter, on or about June 6, 2023, Plaintiff was placed on a thirty (30) day performance improvement plan. Prior to Plaintiff's complaint to Defendant regarding Defendant's employees discriminatory conduct, Plaintiff did not have any performance issues and worked to Defendant's satisfaction. Thus, Plaintiff was in shock and disbelief as rather than providing any remedial action to Defendant's employees for their prejudicial behavior, Plaintiff was punished for voicing his concerns.

13.    On or about August 2023, Defendant's employee, who is also head of solar division, Joe Candelaria's ("Mr. Candelaria") and head regional manager, Amber Candelaria's ("Ms. Candelaria") son, began using derogatory slurs to address Plaintiff. Defendant's employee addressed Plaintiff by calling him a "nigger" on multiple occasions. As Defendant continued their racially driven remarks, Plaintiff began to find it difficult to work in such a hostile work environment. On one occasion, due to how frequent Defendant's employee referred to Plaintiff using derogatory slurs, Plaintiff was able to acquire video footage of Defendant's employee referring to Plaintiff as a "nigger". Shortly thereafter, Plaintiff contacted Defendant's human resources department and expressed his concerns regarding Defendant's employees' discriminatory conduct. Plaintiff also provided Defendant's human resources department with video footage of Defendant's employee referring to him as a "nigger". Plaintiff expressed to Defendant's human resources department that he feared for his safety and was finding it difficult to work in such a hostile work environment due to the constant racial slurs he had been subjected too. Despite Plaintiff's constant complaints regarding Defendant's discriminatory conduct, Plaintiff's complaints fell on deaf ears. Defendant's human resources department failed to take any remedial action and Plaintiff was notified to return to work.

4

COMPLAINT FOR DAMAGES

14. On or about September 2023, after Defendant's continued their prejudicial behavior, Plaintiff complained to Mr. Rosales. Plaintiff shared with Mr. Rosales that Defendant's employee had continued to address Plaintiff as a "nigger". Plaintiff expressed to Mr. Rosales that he had complained multiple times however, no remedial action had been taken towards Defendant's employee and Plaintiff had been struggling to cope with Defendant's hostile work environment. Mr. Rosales notified Plaintiff that he would investigate Plaintiff's concerns. Shortly after Plaintiff raised his concerns to Mr. Rosales regarding Defendant's continued discriminatory conduct, Plaintiff began to get removed from job sites. On or about September 12, 2023, Plaintiff expressed to human resources business partner, Tina Wynder ("Ms. Wynder"), his concerns regarding work retaliation due to his complaint and video footage that Plaintiff provided regarding Defendant's prejudicial behavior. Not long after, Plaintiff was informed by Ms. Wynder regarding the outcome of an investigation that they had conducted regarding Plaintiff's claims of mistreatment and discrimination towards African Americans. Plaintiff was informed that not all of his claims were substantiated however, Defendants were able to confirm that derogatory slurs were used in the worksite. Despite Defendant's acknowledging that discriminatory behavior was used in their worksite, no remedial action was taken to put an end or to prevent the discriminatory conduct from occurring again.

15. On or about October 3, 2023, Plaintiff and his co-worker got into car trouble while they were on their way to work as they got a flat tire. Plaintiff reached out for help and waited for approximately one (1) hour for help to arrive and fix Plaintiff's vehicle. While Plaintiff waited for help to arrive, Plaintiff's co-worker contacted their manager and informed him of the car issues that they were struggling with. Plaintiff's manger understood and notified them that they would receive their full hours. Plaintiff's manager also instructed them to clock in at their usual clock in time, for Plaintiff, that would be 7:00 am. Not long after Mr. Rosales became aware of Plaintiff's clock in time of 7:00 am, Mr. Rosales removed Plaintiff from his work project and accused Plaintiff of stealing time. Plaintiff was in shock and disbelief as he had been granted approval by his manager to clock in at his original click in time of 7:00 am.

//

//

5

COMPLAINT FOR DAMAGES

16. On or about October 9, 2023, after suffering through and putting up with Defendant's continuous derogatory slurs, Plaintiff was terminated from his position shortly after Plaintiff raised his concerns regarding Defendant's discriminatory conduct.

17. Plaintiff was left embarrassed, ashamed, emotionally hurt, and in financial desperation for having been directly discriminated against because of his race. Plaintiff was also retaliated against and terminated from his position after making complaints to Defendant regarding their discriminatory conduct.

## FIRST CAUSE OF ACTION

## RACE, ANCESTRY, NATIONAL ORIGIN, AND ETHNICITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

18. Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

19. At all times relevant to this action, Plaintiff was employed by Defendant.

20. At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE § 12926(d).

21. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE § 12940(a) because of his race, color, ancestry, national origin, and ethnicity.

22. At all times relevant to this action, Defendant unlawfully discriminated against Plaintiff, as previously pled herein, on the basis of his race, color, ancestry, national origin, and ethnicity by terminating him in violation of CAL. GOV'T CODE §12940(a).

23. Defendant was substantially motivated to discriminate against Plaintiff because of his race, color, ancestry, national origin, and ethnicity as previously pled herein.

24. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

6
COMPLAINT FOR DAMAGES

25. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of this Court's minimum jurisdictional threshold.

26. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

27. Plaintiff is informed and believes that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

28. Plaintiff is informed and believes that the actions of Defendant's employees, officers, directors, and/or managing agents, were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## SECOND CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

29. Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

30. At all times relevant to this action, Plaintiff was employed by Defendant.

31. At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE § 12926(d).

//

//

7

COMPLAINT FOR DAMAGES

32. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE § 12940(a) because of his race, color, national origin, ethnicity and ancestry.

33. At all times relevant to this action, Defendant unlawfully discriminated against Plaintiff, as previously alleged, on the basis of his race, color, national origin, ethnicity, and ancestry.

34. Defendant was substantially motivated to terminate Plaintiff because of his race, color, national origin, ethnicity, and ancestry, as previously pled herein.

35. Defendant failed to take reasonable steps to prevent the unlawful discrimination during Plaintiff's employment, as previously pled, in violation of CAL. GOV'T CODE §12940(k), even when management level employees of Defendant became aware of the discriminatory conduct. Instead, Defendant terminated Plaintiff in bad faith.

36. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

37. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was physically and psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

38. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

//

//

COMPLAINT FOR DAMAGES

39.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

40.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT HOSTILE WORK ENVIRONMENT HARASSMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

41.     Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint, as though fully set forth herein.

42.     At all times relevant to this action, Plaintiff was employed by Defendant.

43.     At all times relevant to this action, Defendant were employers who regularly employed one or more persons within the meaning of CAL. GOV'T CODE §§ 12926(d), 12940(j)(4)(A).

44.     At all times relevant to this action, CAL. GOV'T CODE §§ 12940(j)(1), 12940(j)(4)(C), and 12940(i) were in full force and effect and were binding upon Defendant. These sections, inter alia, require Defendant to refrain from harassing an employee on the basis of race, and to take all reasonable steps to prevent harassment from occurring thereby preventing a hostile work environment for Plaintiff.

//

//

//

//

9
COMPLAINT FOR DAMAGES

45.    At all times relevant to this action, Defendant engaged in unwelcome and unwanted verbal conduct of a harassing nature with Plaintiff. At all relevant times, Defendant severely and pervasively harassed Plaintiff on the basis of his race, national origin, ancestry, and ethnicity with verbal harassment and intentional refusal to take corrective action against the harassment. Furthermore, Plaintiff made known to Defendant about the unlawful conduct by informing upper management, but Defendant failed to take all reasonable steps to prevent the harassment from occurring in violation of CAL. GOV'T CODE §§ 12940(k).

46.    Defendant is vicariously liable for the harassing conduct because it failed to take reasonable corrective measures even when management level employees had notice of the harassment.

47.    Alternatively, Defendant is strictly liable for the harassing conduct pursuant to California Government Code section 12940(j)(1).

48.    Plaintiff's race led to Defendant's harassment of Plaintiff; in that it is conduct that occurred precisely because of Plaintiff's race.

49.    Plaintiff's race was a substantial motivating factor for the acts of harassment as previously mentioned.

50.    Such actions are unlawful harassment and discriminatory in violation of California Government Code section 12900 *et seq.*

51.    Defendant's conduct was a substantial factor in causing harm to the Plaintiff as described in the foregoing paragraphs of this Complaint.

52.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

//

//

//

53.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of this Court's minimum jurisdictional threshold.

54.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

55.    Plaintiff is informed and believes that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

56.    Plaintiff is informed and believes that the actions of Defendant's employees, officers, directors, and/or managing agents, were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## FOURTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

57.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

58.    At all times relevant to this action, Plaintiff was employed by Defendant.

59.    At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from discriminating and retaliating against any employee on the basis of sex, gender, race, disability and/or medical condition, requests for reasonable accommodations, and opposition to unlawful conduct related thereto.

11

COMPLAINT FOR DAMAGES

60. Defendant engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

61. Plaintiff's assertion of his rights under CAL. GOV'T CODE §12900 et seq. and opposition to unlawful conduct was a substantial motivating reason for Defendant's decision to retaliate against and terminate him. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

62. At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in violation of CAL. GOV'T CODE §§ 12940(h), by terminating him.

63. Defendant's retaliatory termination of Plaintiff's employment was substantially motivated by his race and opposition to Defendant's conduct related thereto, as previously pled herein.

64. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

65. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of this Court's minimum jurisdictional threshold.

66. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

//

//

//

67.    Plaintiff is informed and believes that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

68.    Plaintiff is informed and believes that the actions of Defendant's employees, officers, directors, and/or managing agents, were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## FIFTH CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT HARASSMENT BASED ON RACE, ANCESTRY, NATIONAL ORIGIN, OR ETHNICITY

69.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

70.    As detailed above, Defendant's conduct created a hostile work environment for Plaintiff, making the conditions of his employment intolerable in direct contravention of various statutes and state law decisions, including but not limited to Govt. Code § 12940. Defendant subjected Plaintiff to a hostile work environment harassment based on race.

71.    Such harassment was so severe and pervasive that it altered the conditions of Plaintiff's employment, creating a hostile abusive work environment and thereby endangering Plaintiff's physical health and making his working conditions intolerable. Said harassment was sufficiently extreme to amount to a change in the terms and conditions of Plaintiff's employment.

72.    As a direct and legal result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in the amount according to proof.

13

COMPLAINT FOR DAMAGES

73. Defendants' actions justify the imposition of punitive damages in that the actions were against public policy. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motives amounting to malice in conscious disregard of Plaintiff's rights.

## SIXTH CAUSE OF ACTION

### VIOLATION OF WHISTLEBLOWER PROTECTION

### PURSUANT TO LABOR CODE § 1102.5

74. Plaintiff incorporates by reference, all allegations in the above paragraphs of this Complaint as though fully set forth herein.

75. Cal. Lab. Code § 1102.5(a) provides, in relevant part, that "An employer shall not make adopt, or enforce any...rule...or policy preventing an employee from disclosing information...to a person with authority over the employer, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance...if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

76. Cal. Lab. Code § 1102.5(b) provides, in relevant part, that "An employer...shall not retaliate against an employee for disclosing information...to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance...if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

77. Defendant unlawfully retaliated against and terminated Plaintiff in retaliation for Plaintiff's complaint made to Defendants concerning discriminatory conduct.

78. Plaintiff had reasonable cause to believe that the above disclosures all involved violations of California law.

//

//

14

COMPLAINT FOR DAMAGES

79.     The statutes previously mentioned, evince a public policy that benefits society at large, were well established at the time of Plaintiff's termination, and are substantial and fundamental.

80.     Plaintiff's assertion of his rights under Cal. Lab. Code § 1102.5 was a substantial motivating reason for Defendant's decision to discharge Plaintiff.

81.     Defendant's conduct was a substantial factor in causing harm to the Plaintiff as previously pled herein.

82.     As a direct and proximate result of Defendant's conduct, Plaintiff has lost and continues to lose wages and work benefits caused by his discharge. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

83.     Furthermore, Defendant is liable in civil penalties up to the statutory maximum of $10,000 for each violation of Cal. Lab. Code § 1102.5(f), according to proof at trial. Plaintiff is also entitled to recover any and all damages resulting from Defendant's violations pursuant to Cal. Lab. Code § 1102.5.

## SEVENTH CAUSE OF ACTION

## RETALIATION AND DISCRIMINATION

## IN VIOLATION OF LABOR CODE § 6310, 6311

84.     Plaintiff incorporates by reference, all allegations in the above paragraphs of this Complaint as though fully set forth herein.

85.     Cal. Lab. Code § 6310 states, in relevant part, that "Any employee who is discharged ... or in any other manner discriminated against in the terms and conditions of his or his employment because the employee has made a bona fide oral or written complaint to ... his or his employer ... of unsafe working conditions, or work practices, in his or his employment or place of employment ... shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer."

//

//

//

15

COMPLAINT FOR DAMAGES

86.    Cal. Lab. Code § 6311 prohibits a discharge based on a refusal to work where the work would create a real and apparent hazard to the employee or fellow employees. The employee shall further have the right to bring action for wages for the time the employee is without work as a result of the discharge.

87.    Defendants unlawfully discriminated against, retaliated against, and terminated Plaintiff in retaliation for Plaintiff complaining to Defendant regarding discriminatory conduct in the workplace. Plaintiff notified Defendants that he did not feel safe working in Defendant's hostile work environment after Plaintiff was subjected to racial discrimination at the hands of Defendant. Plaintiff's conduct was protected activities as defined under California law.

88.    Plaintiff's assertion of his rights under Cal. Lab. Code §§ 6310, 6311 was a substantial motivating reason for Defendants' decision to retaliate against and discharge Plaintiff.

89.    Defendants' conduct was a substantial factor in causing harm to the Plaintiff as previously pled herein.

90.    As a direct and proximate result of Defendants' conduct, Plaintiff has lost and continues to lose wages and work benefits caused by his discharge. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

## EIGHTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

91.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

92.    At all times relevant to this action, Plaintiff was employed by Defendant.

93.    At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from terminating any employee on the basis of his race/national origin, and opposition to conduct related thereto as previously pled herein.

94.    Defendant's conduct as previously alleged was in retaliation for Plaintiff's assertion of rights under CAL. GOV'T CODE §§12900 *et seq.*

16

COMPLAINT FOR DAMAGES

95. Plaintiff's assertion of his rights under CAL. GOV'T CODE §§12900 *et seq.* was a substantial motivating reason for Defendant's decision to terminate Plaintiff. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

96. CAL. GOV'T CODE §§12900 *et seq.* evinces a policy that benefits society at large, was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

97. Defendant's wrongful termination of Plaintiff's employment was substantially motivated by his race and opposition to Defendant's conduct related thereto.

98. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

99. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was physically and psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental and physical pain and suffering, in an amount in excess of this court's minimal jurisdiction.

100. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

101. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

COMPLAINT FOR DAMAGES

102.   Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CHRISTIAN RODRIGUEZ DE JESUS, prays for judgment against Defendant PEARCE SERVICES, LLC., a California Limited Liability Company and DOES 1 through 20, as follows:

1. Past and future general and special damages according to proof;

2. Pre-judgment interest, post-judgment interest, costs of suit and attorney's fees according to proof;

3. Injunctive relief compelling Defendant to reinstate Plaintiff to his previous position, prohibiting Defendant from engaging in similar unlawful conduct as complained of herein, and ordering Defendant to establish effective preventive mechanisms to ensure that the conduct complained of herein does not continue in the future;

4. Declaratory relief that Defendant's conduct as complained of herein was a violation of Plaintiff's rights;

5. Punitive damages; and

6. All other relief that the Court deems just and proper.

Dated: March 14, 2024.                    **MANUKYAN LAW FIRM, APC.**

*E. Manukyan*

By: /s/ Edgar Manukyan
Edgar Manukyan, Esq.
Attorneys for Plaintiff,
CHRISTIAN RODRIGUEZ DE JESUS

18
COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims as provided by California law.

Dated: March 14, 2024.

**MANUKYAN LAW FIRM, APC.**

*E. Manukyan*

By: /s/ Edgar Manukyan
Edgar Manukyan, Esq.
Attorneys for Plaintiff,
CHRISTIAN RODRIGUEZ DE JESUS

19
COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Edgar Manukyan, Esq. (SBN 314606)<br>MANUKYAN LAW FIRM, APC.<br>505 N. Brand Blvd., Suite 810 Glendale, CA 91203<br>TELEPHONE NO.: 818.559.4444    FAX NO.: 888.746.4420<br>EMAIL ADDRESS: edgar@manukyanlawfirm.com<br>ATTORNEY FOR *(Name):* Plaintiff, Christian Rodriguez De Jesus | **ELECTRONICALLY FILED**<br>3/14/2024 11:20 AM<br>Kern County Superior Court<br>By Julia Barrera, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**
STREET ADDRESS: 1215 Truxton Avenue    Truxtun    JB
MAILING ADDRESS: Same As Above
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division Justice Building

CASE NAME:
Christian Rodriguez De Jesus v. Pearce Services, LLC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000)   [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BCV-24-100904<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 14, 2024
Edgar Manukyan, Esq.

► *C. Manukyan*

(TYPE OR PRINT NAME)       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
   Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic
  relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

---

CM-010 [Rev. January 1, 2024]  **CIVIL CASE COVER SHEET**  Page 2 of 2

# Exhibit B

# PEARCE ))SERVICES

Pearce Services, LLC
1222 Vine Street
Suite 301
Paso Robles, CA 93446

**Pay Statement**

| | |
|---|---|
| Period Start Date | 09/25/2023 |
| Period End Date | 10/08/2023 |
| Pay Date | 10/13/2023 |
| Document | 84341866 |
| Net Pay | **$1,643.46** |

## Pay Details

**CHRISTIAN JOEL RODRIGUEZ DE JESUS**
USA

| | | | | |
|---|---|---|---|---|
| Employee Number | 201389 | Pay Group | Renewables |
| SSN | XXX-XX-XXXX | Location | Tampa FL |
| Job | FS Technician 2 | Industry | 3000 - Renewables |
| Pay Rate | $25.2500 | Division | 3300 - Solar |
| Pay Frequency | Biweekly | Class | 125 - Solar Utility |
| | | Territory | 75 - National COGS |

## Earnings

| Pay Type | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|
| Holiday | 0.0000 | $0.0000 | $0.00 | $808.00 |
| Overtime | 2.0000 | $37.8750 | $75.75 | $6,358.23 |
| PTO | 18.5667 | $25.2500 | $468.81 | $1,908.06 |
| R Travel DT | 0.0000 | $0.0000 | $0.00 | $204.93 |
| R Travel OT | 3.5000 | $23.9400 | $83.79 | $670.32 |
| R Travel RT | 8.0000 | $15.9600 | $127.68 | $1,520.19 |
| Regular Pay | 60.0000 | $25.2500 | $1,515.00 | $20,880.48 |
| RR Stipend | 0.0000 | $0.0000 | $0.00 | $500.00 |
| Sick Pay | 0.0000 | $0.0000 | $0.00 | $50.50 |
| UNB Training RT | 0.0000 | $0.0000 | $0.00 | $307.60 |
| UNB Travel OT | 0.7500 | $23.9400 | $17.96 | $375.66 |
| UNB Travel RT | 0.0000 | $0.0000 | $0.00 | $237.78 |
| Unbilled OT | 0.0000 | $0.0000 | $0.00 | $48.00 |
| Unbilled R | 0.0000 | $0.0000 | $0.00 | $952.50 |

Total Hours Worked **74.2500**     Total Hours **92.8167**

## Deductions

| Deduction | Based On | Pre-Tax | Employee Current | Employee YTD | Employer Current | Employer YTD |
|---|---|---|---|---|---|---|
| Advance | $420.00 | No | $420.00 | $0.00 | $0.00 | $0.00 |
| Basic Life ERPd | $0.00 | No | $0.00 | $0.00 | $1.51 | $18.12 |

## Taxes

| Tax | Based On | Current | YTD |
|---|---|---|---|
| Employee Medicare | $2,288.99 | $33.19 | $504.92 |
| Social Security Employee Tax | $2,288.99 | $141.92 | $2,158.98 |
| CA State Income Tax | $1,820.18 | $50.42 | $81.72 |
| CT State Income Tax | $0.00 | $0.00 | $108.52 |
| OH State Income Tax | $0.00 | $0.00 | $32.88 |
| Parma Heights | $0.00 | $0.00 | $55.55 |

## Paid Time Off

| Plan | Taken | Current | Balance |
|---|---|---|---|
| PTO Bank | 55.5667 | 3.0833 | 3.0833 |

## Net Pay Distribution

| Account Number | Account Type | Amount |
|---|---|---|
| ██████ | Checking | $1,643.46 |
| Total | | $1,643.46 |

## Pay Summary

| | Gross | FIT Taxable Wages | Taxes | Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | $2,288.99 | $2,288.99 | $225.53 | $420.00 | $1,643.46 |
| YTD | $34,822.25 | $34,822.25 | $2,942.57 | $0.00 | $31,879.68 |